Original
No. LD-2005-001

REINER'S CASE

Argued: June 22, 2005
Opinion Issued: September 7, 2005

*Landya B. McCafferty*, of Concord, by brief and orally, for the attorney discipline office.

*Shaheen & Gordon, P.A.*, of Concord (*Steven M. Gordon* on the brief and orally), for the respondent.

DUGGAN, J. The issue in this case is whether the attorney discipline office (ADO) presented sufficient evidence to the Judicial Referee (*Gray, J.*) to justify the interim suspension of the respondent, Gary H. Reiner. We find that it did not.

The facts are set forth fully in our previous opinion in this case. *Reiner's Case*, 152 N.H. 163, 164-65 (2005). To recap briefly, the respondent was indicted by a federal grand jury on several felony charges arising out of his alleged connection with prostitution and money laundering activities allegedly occurring at a health club and massage parlor (club) in Kittery, Maine. On February 2, 2005, after we received a copy of the indictment from the ADO, we suspended the respondent from the practice of law. *See* SUP. CT. R. 37(9)(i) (2004). The respondent filed a response to the order challenging it on various grounds. The ADO filed a memorandum addressing the issues raised by the respondent. After oral argument on March 9, 2005, we referred the matter to a judicial referee to hold a hearing and recommend whether the suspension should remain in effect pending resolution of the federal criminal charges. On March 22, 2005, the referee recommended that the suspension should not remain in effect. We ordered further briefing and held oral argument on April 20, 2005.

Our subsequent opinion held that the respondent was not denied due process by an interim suspension without a pre-suspension hearing, that the standard for suspension is not unconstitutionally vague and that the interim suspension did not constitute public condemnation in violation of due process. *Reiner's Case*, 152 N.H. at 166-69. We held, however, that the referee erred in placing the burden of proof on the respondent and "misconceived the function of the presumption of innocence in this proceeding." *Id.* at 170. We explained that:

> Although the respondent retains the presumption of innocence with regard to the charges within the indictment, the allegations themselves may nonetheless warrant suspension.... [T]he

burden on the ADO is not to prove that the respondent committed the crimes alleged. Rather, the ADO must show that the respondent's alleged conduct in the alleged crimes makes suspension necessary for the protection of the public and the integrity of the legal profession. To meet this burden, the ADO may supplement the allegations in the indictment with additional evidence of the respondent's conduct.

*Id.*

On remand before the referee, the ADO introduced a copy of a superseding federal indictment that was returned on April 27, 2005. The new indictment retained the four counts in the original indictment and added three new counts against two new co-defendants. The ADO introduced no other evidence, but argued that the allegations in the indictment were sufficient to justify continuing the interim suspension. The respondent introduced documentary evidence that the club was heavily regulated by the Town of Kittery and that Reiner was merely involved in advising his client about regulatory matters. The respondent also pointed out that, even though his office is in Maine, he has not been suspended from the practice of law in Maine, which, unlike New Hampshire, does not have a specific rule regarding interim suspension. He also noted that publicity from the suspension had seriously damaged his law practice.

In his report and recommendation, the referee described how the respondent's practice has suffered and concluded that:

> Continued practice by the respondent may pose a danger to the public. Not a danger in a physical sense of the word but rather in an economic sense. Because of the events described by the respondent the Referee also finds that the suspension is necessary in order to preserve the integrity of the bar. At least a large portion of the public formerly in contact with the respondent as clients or in some other function associated with his law practice have ceased that contact. A lawyer charged with such offenses as are charged in this matter cannot help but be looked upon by the public with untrusting eyes and that perception cannot help but be reflective upon the bar as a whole.

Upon receipt of the referee's report, we ordered further briefing and held oral argument on June 22, 2005. Immediately after the argument, we issued an order vacating the interim suspension and indicated that an opinion would follow.

 We may impose an interim suspension pending the resolution of criminal charges pursuant to Rule 37(9)(i) when the committee proves that it is both necessary for the protection of the public and for the preservation of the integrity of the legal profession. SUP. CT. R. 37(16)(f) (2004); *Reiner's Case*, 152 N.H. at 168. Our standard of review for the referee's factual findings in a lawyer discipline case is whether a reasonable person could have reached the same decision as the referee. *Id.* at 169. However, we review *de novo* to determine whether the referee committed errors of law. *Id.* In addition, we retain the ultimate authority to determine whether suspension is necessary under Rule 37(16)(f). *See Kersey's Case*, 150 N.H. 585, 586, *cert. denied*, 125 S. Ct. 97 (2004).

The ADO argues that suspension of the respondent is necessary for the protection of the public and for the preservation of the integrity of the legal profession. The ADO bases its argument solely upon the allegations in the indictment. With regard to whether suspension is necessary for the protection of the public, the ADO points to the overt acts contained within the allegation that the respondent conspired to commit the crime of money laundering. The indictment alleges that the respondent conspired with others to profit from an illicit and illegal business that held itself out as a health club and massage parlor but was actually a prostitution center. The indictment also alleges that the respondent played an active role in financial matters related to the club, including depositing the club's money into its operating accounts and managing an investment asset of the club. Based upon these acts, the ADO argues that the allegations contained within the indictment are serious offenses that raise concerns with respect to public safety.

With regard to whether suspension is necessary for the preservation of the integrity of the legal profession, the ADO argues that the allegations contained within the indictment involve fraud and deceit. The ADO points to the allegations that: (1) the health club held itself out to the public as a legitimate business, but was actually an illegal prostitution center; (2) the respondent used his expertise as a lawyer to advise the managers and owners about legal and regulatory matters, as well as operation of the illegal prostitution center; and (3) the respondent was involved in the financial operations of the illegal prostitution center. Thus, the ADO argues that the referee correctly concluded that suspension was necessary because "[a] lawyer charged with such offenses ... cannot help but be looked upon by the public with untrusting eyes and that perception cannot help but be reflective upon the bar as a whole."

 Although we have recognized that, standing alone, allegations contained within an indictment may warrant suspension, *see Reiner's*

*Case*, 152 N.H. at 170, we find that the allegations here do not meet both prongs of Rule 37(16)(f). We agree that the allegations *are* sufficient to find that suspension is necessary for the preservation of the integrity of the legal profession. *See* SUP. CT. R. 37(16)(f). However, the allegations alone *are not* sufficient to find that suspension is necessary for the protection of the public. *See id.* This case is unlike a situation where a person's alleged actions directly threaten his clients. *Cf. FDIC v. Mallen,* 486 U.S. 230, 236-37 (1988) (bank official was indicted for making false statements to the FDIC and making false statements to another bank with the purpose of influencing the actions of the FDIC, which in turn pose a threat to the interests of the bank's depositors). The allegations here, while serious, do not pose a threat to the respondent's present and future clients. There are no allegations that the respondent has misused clients' funds, made false statements or engaged in other conduct which poses an immediate threat to clients or to the public. Nor was any additional evidence offered either to corroborate or supplement the allegations or to show that the respondent poses a threat to the public. Accordingly, we find that suspension is not necessary for the protection of the public. *See* SUP. CT. R. 37(16)(f).

Pending further order, the respondent is subject to the following conditions:

1. Until the criminal charges are resolved, Attorney Reiner shall notify all New Hampshire clients of the pending criminal charges with specificity.
2. Attorney Reiner shall keep the ADO and the Supreme Court advised of the status of the criminal proceedings and shall immediately notify the ADO and the court if any other charges are brought against him.
3. Attorney Reiner shall immediately notify the ADO and the Supreme Court if the authority charged with the discipline of attorneys in any other jurisdiction takes action against him.

*So ordered.*

BRODERICK, C.J., and DALIANIS and GALWAY, JJ., concurred.